# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FUTURE LINK SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>BROADCOM INC.; BROADCOM PTE. LTD.; BROADCOM CORP.,<br><br>Defendants. | Case No. 6:21-cv-00264<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT
## AGAINST BROADCOM INC., BROADCOM PTE. LTD., AND BROADCOM CORP.

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Future Link Systems, LLC ("Plaintiff" or "Future Link") makes the following allegations against Defendants Broadcom Inc., Broadcom Pte. Ltd. and Broadcom Corp. (collectively, "Defendants" or "Broadcom"):

## INTRODUCTION

1. This complaint arises from Broadcom's unlawful infringement of the following United States patents owned by Plaintiff, which relates to integrated circuit device design and architecture, United States Patent No. 6,317,804 (the "'804 Patent"), and the field of passing of information involving the merging of multiple packet streams, United States Patent No. 7,917,680 (the "'680 Patent") (collectively, the "Asserted Patents").

## PARTIES

2. Plaintiff Future Link Systems, LLC is a Delaware limited liability company organized and existing under the law of the State of Delaware, with its principal place of business

1

at 3945 Freedom Circle, Suite 900, Santa Clara, California 95054. Future Link is the sole owner by assignment of all right, title, and interest in each Asserted Patent.

3. Broadcom Inc. is a company organized under the laws of the state of Delaware, with its principal place of business at 1320 Ridder Park Drive, San Jose, California 95131. Broadcom may be served with process through its registered agent, Corporation Service Company located at 251 Little Falls Drive, Wilmington, Delaware, 19808.

4. Broadcom Pte. Ltd. is a company organized and existing under the laws of the Republic of Singapore with an office at 1 Yishun Avenue 7, 768923, Singapore. Broadcom Pte. Ltd. was formerly known as Broadcom Limited, and Broadcom Inc. is the successor to Broadcom Limited.[1]

5. Broadcom Corporation is a company organized and existing under the laws of California, with its principal place of business at 1320 Ridder Park Drive, San Jose, California 95131. Broadcom Corporation may be served with process through its registered agent, Corporation Service Company which will do business in California as CSC – Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833.

6. Broadcom Corporation is an indirect, wholly owned subsidiary of Broadcom Inc. Broadcom Corporation describes itself as "a global leader and innovator in semiconductor solutions for wired and wireless communications," such as SoCs and embedded software solutions.[2] Broadcom Corporation's products "deliver voice, video, data, and multimedia connectivity in the home, office, and mobile environments."[3]

---

[1] *See* Broadcom Annual Report (2019) at 3, https://investors.broadcom.com/static-files/f81d3fbb-755c-44a7-ab4d-8b5fe16633fb.
[2] *See* https://docs.broadcom.com/doc/1211168571391.
[3] *See id.*

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has personal jurisdiction over Broadcom in this action because Broadcom has committed acts within this District giving rise to this action and has established minimum contacts with this forum such that the exercise of jurisdiction over Broadcom would not offend traditional notions of fair play and substantial justice. Broadcom, directly and through subsidiaries or intermediaries, has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patents.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Broadcom Corporation is registered to do business in Texas. Additionally, upon information and belief, Defendants have transacted business in this District and have committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendants have regular and established places of business in this District, including at least at 2901 Via Fortuna Dr., Austin, Texas 78746.

| Austin, Texas (Via Fortuna Drive) | Plano, Texas | Plano, Texas |
|---|---|---|
| 2901 Via Fortuna Drive<br>Austin, Texas<br>78746<br>United States | CA Technologies<br>5465 Legacy Dr, Suite 700<br>Plano, Texas<br>75024<br>United States | 5465 Legacy Drive<br>Plano, Texas<br>75024<br>United States |
| Get Directions | Get Directions | Get Directions |

https://www.broadcom.com/company/contact/locations.

## FACTUAL ALLEGATIONS

10. During the course of discussions beginning in April 2013 and continuing to at least November 2018, Broadcom was placed on various forms of notice with respect to the Asserted Patents.

11. On April 17, 2013, Future Link sent a notice letter to Broadcom asserting the infringement of certain Future Link patents.

12. For example, at a September 17, 2015 meeting with Broadcom, Broadcom was provided with terms for a proposed patent license agreement, which implicated patents owned by Future Link, including the Asserted Patents. On July 13, 2016, in another meeting with Broadcom, Broadcom was provided with revised terms for a proposed patent license agreement, which again implicated patents owned by Future Link, including the Asserted Patents.

13. Furthermore, Broadcom was aware of the litigation that Intel had filed in 2014 against Future Link, which implicated the Asserted Patents. *See Intel Corp. v. Future Link Sys. LLC*, Case No. 1:14-cv-00377-LPS (D. Del.). On April 5, 2016, at Broadcom's request, Future Link provided a copy of the Joint Claims Construction Chart filed in the litigation between Future Link and Intel. And on August 4, 2016, Future Link sent Broadcom a copy of Judge Stark's Claim Construction Order, which implicated the Asserted Patents.

14. On October 12, 2018, Future Link sent Broadcom another notice letter accusing Broadcom of infringing certain of Future Link's patents, including U.S. Patent No. 7,917,680.

15. On November 5, 2018, Future Link advised Broadcom that Broadcom demonstrated a lack of engagement in furthering licensing discussions after five years of discussions. Future Link also advised Broadcom that Broadcom has made the decision to willfully infringe the Future Link's patents.

16. Despite these efforts, Broadcom refused to discuss appropriate terms for a license to Plaintiff's patents. Thus, Plaintiff was left with no recourse but to file this lawsuit to protect its valuable assets.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,317,804

17. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

18. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 6,317,804, entitled "Concurrent Serial Interconnect for Integrating Functional Blocks in an Integrated Circuit Device." The '804 Patent was duly and legally issued by the United States Patent and Trademark Office on November 13, 2001. A true and correct copy of the '804 Patent is attached as Exhibit 1.

19. On information and belief, Broadcom makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation products supporting ARM AMBA (Advanced Microcontroller Bus Architecture) AHB (Advanced High-performance Bus), for example the BCM2387 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '804 Patent.

20. Broadcom also knowingly and intentionally induces infringement of at least Claim 1 of the '804 Patent in violation of 35 U.S.C. § 271(b). Through at least the interactions as detailed in Plaintiff's Factual Allegations, Broadcom has had knowledge of the '804 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '804 Patent, Broadcom continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways

that directly infringe the '804 Patent. Broadcom does so knowing and intending that its customers and end users will commit these infringing acts. Broadcom also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '804 Patent, thereby specifically intending for and inducing its customers to infringe the '804 Patent through the customers' normal and customary use of the Accused Products.

21. Broadcom has also infringed, and continues to infringe, at least Claim 1 of the '804 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '804 Patent, are especially made or adapted to infringe the '804 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Broadcom has been, and currently is, contributorily infringing the '804 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

22. The Accused Products satisfy all claim limitations of one or more claims of the '804 Patent. A claim chart comparing exemplary independent claim 1 of the '804 Patent to representative Accused Products is attached as Exhibit 2.

23. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Broadcom has injured Plaintiff and is liable for infringement of the '804 Patent pursuant to 35 U.S.C. § 271.

24. As a result of Broadcom's infringement of the '804 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Broadcom's infringement, but in no event less than a reasonable royalty for the use made of the invention by Broadcom, together with interest and costs as fixed by the Court.

25. Broadcom also had knowledge of or has been willfully blind to its infringement of the '804 Patent such that based on that knowledge or willful blindness, it has willfully infringed the '804 Patent.

26. Broadcom also had actual or constructive knowledge of Plaintiff's rights in the '804 Patent due to, for example, the notice Broadcom had, as detailed in the Factual Allegations.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,917,680

27. Plaintiff realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

28. Plaintiff owns by assignment all rights, title, and interest in U.S. Patent No. 7,917,680, entitled "Performance Based Packet Ordering in a PCI Express Bus." The '680 Patent was duly and legally issued by the United States Patent and Trademark Office on March 29, 2011. A true and correct copy of the '680 Patent is attached as Exhibit 3.

29. On information and belief, Broadcom makes, uses, offers for sale, sells, and/or imports certain products and services, including without limitation products supporting ARM AMBA AXI4 or newer, for example the BCM2387 ("Accused Products"), that directly infringe, literally and/or under the doctrine of equivalents, at least Claim 1 of the '680 Patent.

30. Broadcom also knowingly and intentionally induces infringement of at least Claim 1 of the '680 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint and the interactions as detailed in Plaintiff's Factual Allegations, Broadcom has had knowledge of the '680 Patent and the infringing nature of the Accused Products. Despite this knowledge of the '680 Patent, Broadcom continues to actively encourage and instruct its customers and end users (for example, through user manuals and online instruction materials on its website)

to use the Accused Products in ways that directly infringe the '680 Patent. Broadcom does so knowing and intending that its customers and end users will commit these infringing acts. Broadcom also continues to make, use, offer for sale, sell, and/or import the Accused Products, despite its knowledge of the '680 Patent, thereby specifically intending for and inducing its customers to infringe the '680 Patent through the customers' normal and customary use of the Accused Products.

31. Broadcom has also infringed, and continues to infringe, at least Claim 1 of the '680 Patent by selling, offering for sale, or importing into the United States, the Accused Products, knowing that the Accused Products constitute a material part of the inventions claimed in the '680 Patent, are especially made or adapted to infringe the '680 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Broadcom has been, and currently is, contributorily infringing the '680 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

32. The Accused Products satisfy all claim limitations of one or more claims of the '680 Patent. A claim chart comparing exemplary independent claim 1 of the '680 Patent to representative Accused Products is attached as Exhibit 4.

33. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Broadcom has injured Plaintiff and is liable for infringement of the '680 Patent pursuant to 35 U.S.C. § 271.

34. As a result of Broadcom's infringement of the '680 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Broadcom's infringement, but in no event less than a reasonable royalty for the use made of the invention by Broadcom, together with interest and costs as fixed by the Court.

35. Broadcom also had knowledge of or has been willfully blind to its infringement of the '680 Patent such that based on that knowledge or willful blindness, it has willfully infringed the '680 Patent.

36. Broadcom also had actual or constructive knowledge of Plaintiff's rights in the '680 Patent due to, for example, the notice Broadcom had, as detailed in the Factual Allegations.

37. Broadcom's infringing activities have injured and will continue to injure Plaintiff, unless and until this Court enters an injunction prohibiting further infringement of the '680 Patent, and, specifically, enjoining further manufacture, use, sale, importation, and/or offers for sale that come within the scope of the patent claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Broadcom has infringed, either literally and/or under the doctrine of equivalents, the '804 and '680 Patents;

b. A permanent injunction prohibiting Broadcom from further acts of infringement of the '680 Patent;

c. A judgment and order requiring Broadcom to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Broadcom's infringement of the '804 and '680 Patents; and

d. A judgment and order requiring Broadcom to provide an accounting and to pay supplemental damages to Plaintiff, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Broadcom; and

f. An award of enhanced damages to Plaintiff as a result of Broadcom's willful infringement; and

g. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: March 16, 2021                Respectfully submitted,

/s/ Reza Mirzaie
 Reza Mirzaie

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Brian D. Ledahl (CA SBN 186579)
bledahl@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
Minna Y. Chan (CA SBN 305941)
mchan@raklaw.com
Jonathan Ma (CA SBN 312773)
jma@raklaw.com
James Milkey (CA SBN 281213)
jmilkey@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Blvd., 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991

Attorneys for Plaintiff
*Future Link Systems, LLC*